**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-6274**

---

In Re:  GEORGE RANDOLPH SUTTON, JR.,

Petitioner.

On Petition for Writ of Mandamus.  (CA-03-798-5-H)

---

**No. 05-6317**

---

GEORGE RANDOLPH SUTTON, JR.,

Petitioner - Appellant,

versus

C.  BRANSON VICKERY, III, District Attorney;
ANTONIA BEA, Deputy Pender County Sheriff;
JAMES DIXON, JR.; L.T.J. MEMMELAAR, and SBI
Drug Squad; JERRY BRASWELL; JAY D. HOCKENBURG;
BUDDY MOZINGO; BRUCE HULSE, JR.; JAMES
FORSYTHE; TERRY B. LIGHT; WAYNE COUNTY
SHERIFF'S DEPARTMENT; GOLDSBORO POLICE
DEPARTMENT,

Respondents - Appellees.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Malcolm J. Howard,
District Judge. (CA-03-798-5-H)

Submitted:  May 27, 2005                    Decided:  July 6, 2005

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

No. 05-6274 petition denied; No. 05-6317 dismissed by unpublished per curiam opinion.

George Randolph Sutton, Jr., Petitioner/Appellant Pro Se.  Clarence Joe DelForge, III, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

George Randolph Sutton, Jr., seeks a writ of mandamus to compel the district court to reconsider his 28 U.S.C. § 2254 (2000) petition and to direct respondents to answer his requests for discovery. Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is available only when there are no other means by which the relief sought could be granted, In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. The party seeking mandamus relief bears the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Sutton fails to make the requisite showing. Accordingly, we deny Sutton's petition for writ of mandamus in No. 05-6274.

In addition, in No. 05-6317, Sutton seeks to appeal the district court's order denying his motion for a certificate of appealability. An appeal may not be taken from the final order in a § 2254 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by

- 3 -

demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Sutton has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in No. 05-6317.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 05-6274 PETITION DENIED
No. 05-6317 DISMISSED

- 4 -